UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

CEDRIC MARKS,

          Plaintiff,          Case No. 1:22-cv-288

v.                                   Honorable Phillip J. Green

MICHELLE LAJOYE-YOUNG, et al.,

          Defendants.
_____/

## OPINION

This is a civil rights action brought by a pretrial detainee under 42 U.S.C. § 1983. Plaintiff previously sought and was granted leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 1, PageID.6.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ."

2

28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants; [h]owever, because they had not been served, they were not parties to the action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. Feb. 10, 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

3

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated as a pretrial detainee at the Bell County Jail in Belton, Texas. He is charged with multiple murders. *See* http://nwweb.co.bell.tx.us/NewWorld.InmateInquiry/TX0140000/Inmate/Detail/-920723 (last visited Apr. 18, 2022). The events about which he complains, however, occurred while he was detained at the Kent County Jail in Grand Rapids, Michigan. Plaintiff sues the City of Grand Rapids, Sheriff Michelle LaJoye-Young, Undersheriff Chuck DeWitt, Chief Deputy Troy Woodwyk, and Captain Tom Barnwell. Plaintiff indicates that he is suing all Defendants in their official capacities. (ECF No. 1, PageID.2.)

Plaintiff alleges that he was held at the Kent County Jail on a fugitive warrant from January 18–23, 2019. (*Id.*, PageID.3.) During that time, Plaintiff fell backwards in his solitary confinement cell and split open the back of his head. (*Id.*) Guards entered his cell, assuming that he had purposefully fallen. (*Id.*) The guards grabbed Plaintiff by both arms, even though Plaintiff's left harm had a "fresh[]ly torn bicep in need of surgery," and lifted him from the ground where he had been "writhing in pain and in a pool of blood." (*Id.*) The guards slammed Plaintiff against a wall, dragged him out of the cell, and placed him in a restraint chair. (*Id.*) Plaintiff claims that these guards ignored his "cries of pain from both [his] cut scalp and torn bicep." (*Id.*) He avers that at no time was he resisting or verbalizing any threats. (*Id.*)

Plaintiff states that he was kept in the restraint chair from 2:00 a.m. until 9:00 a.m., "well pas[t] the maximum 4 hours allowed for any detainee to be in such a mechanism." (*Id.*)  At one point, Plaintiff was "asked questions to ascertan [his] calmness." (*Id.*)  He claims that despite his answers, he was left in the chair "simply because [his] 'muscles tensed,' which was an involuntary response from the hours of pain and discomfort [he] was experiencing." (*Id.*)  Plaintiff was not provided breakfast, and despite his complaints, the straps were "left tight and unmoved." (*Id.*, PageID.4.)

Plaintiff alleges that because of this incident, he now has "what has become permanently 'dead' nerves in both large toes on both feet extending up to [his] inner ankles, and both thumbs and pinky fingers experience the same 'dead' feeling leading up to [his] inner and outer sides of both wrists." (*Id.*)  Plaintiff was taken to an emergency room a week after the incident and "was diagnosed as having recovered from a concussion brought on from the fall in [his] cell which prompted the assault and restraint." (*Id.*)  Plaintiff contends that this incident "resulted in most likely a lifetime of nerve damages from those restraints—effectively destroying [his] MMA training and competing career which was [his] only source of income before being detained." (*Id.*)

Plaintiff claims that all Defendants "instituted and created the policy which led to [him] being violated and stripped of [his] civil rights by being placed in the restraint chair without process [and] adherence to time limits, which resulted in [his] lasting pain and suffering." (*Id.*, PageID.5.)  He avers that they "all could have and

5

should have not only known [he] was being violated, but could and should have ordered that the inappropriate restraint not be used since [his] behavior didn't warrant such cruel punishment." (*Id.*)  Plaintiff seeks $5 million in damages. (*Id.*, PageID.6.)

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility

6

standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's allegations implicate constitutional protections that preclude the use of excessive force and intolerable conditions of confinement. For convicted prisoners, those protections are based on the Eighth Amendment's ban of cruel and unusual punishment. For pretrial detainees such as Plaintiff, however, the protection is afforded by the Fourteenth Amendment Due Process Clause. *Kingsley v. Hendrickson*, 576 U.S. 389 (2015); *Westmoreland v. Butler Cnty., Kentucky*, __ F.4th __, 2022 WL 872729, at *3–4 (6th Cir. Mar. 24, 2022) (recognizing that the *Kingsley* Fourteenth Amendment standard applies to conditions of confinement as well as excessive force claims).

### A.    Defendant City of Grand Rapids

Plaintiff sues four individual Defendants and the City of Grand Rapids. Plaintiff sues the City of Grand Rapids based on the specific allegation that the four individual Defendants work for the City of Grand Rapids. (Compl., ECF No. 1, PageID.5.) Plaintiff also alleges, however, that the four individual Defendants are

7

employed by the Kent County Sheriff's Office. (*Id.*, PageID.2.) It is apparent that Kent County Sheriff Michelle LaJoye-Young, Undersheriff Chuck DeWitt, Chief Deputy Troy Woodwyk, and Kent County Correctional Facility Captain Tom Barnwell, are associated with the Kent County Sheriff's Office,[2] not the City of Grand Rapids. The Court does not, therefore, accept as true Plaintiff's allegation that the individual Defendants work for the City of Grand Rapids. *See, e.g.*, *Croce v. New York Times Co.*, 930 F.3d 787, 792 (6th Cir. 2019) (stating that "'if a factual assertion in the pleadings is inconsistent with a document attached for support,' a court is not bound to accept as true the plaintiff's factual allegation.").

Because the Court does not accept as true Plaintiff's allegation that the individual Defendants are employees of the City of Grand Rapids, Plaintiff makes no allegation that states a claim against the City of Grand Rapids. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 545 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth

---

[2] *See* https://www.accesskent.com/Sheriff/corrections_staff.htm (last visited Apr. 18, 2022). The Sheriff's Office is not a separate legal entity; the Sheriff's Office and the persons who work there are simply agents of the county. *Vine v. Cnty. of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995) (stating that, under Michigan law, the Sheriff's Department "was simply an agency of the county . . ."); *Dayson v. Rondeau*, No. 1:12-cv-1310, 2013 WL 1818628, at *8 n.2 (W.D. Mich. Apr. 29, 2013) (concluding that the Southwest Drug Enforcement Team, like the Sheriff's Department, was simply an agent of the county and its members were employees of the county). To the extent Plaintiff seeks to impose liability on the employer of the individual Defendants, therefore, he should have named Kent County as a defendant. As explained below, however, by naming the individual Defendants in their official capacity, Plaintiff has effectively achieved that result.

8

Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)).

Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."). Because Plaintiff makes no allegations from which the Court might infer that the City of Grand Rapids is responsible for the alleged constitutional injury, his complaint against the City falls far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

9

Accordingly, the Court will dismiss Plaintiff's complaint against the City of Grand Rapids for failure to state a claim.

### B. Claims Against the Individual Defendants in Their Official Capacity

Plaintiff names as individual Defendants the top officials of the Kent County Sheriff's Office. He names each individual Defendant in his or her official capacity. Plaintiff asserts that each individual is responsible for instituting and creating the policy that led to his placement in the restraint chair. (ECF No. 1, PageID.5.)

Official capacity lawsuits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). An official-capacity suit is to be treated as a suit against the entity itself. *Id.* at 166 (citing *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985)); *see also Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). "Individuals sued in their official capacities stand in the shoes of the entity they represent," and the suit is not against the official personally. *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003); *Graham*, 473 U.S. at 165–66. A claim against a county official in that individual's official capacity is correctly analyzed as a claim against the county. *Morgan v. Fairfield Cnty., Ohio*, 903 F.3d 553, 560 (6th Cir. 2018). Accordingly, the Court considers Plaintiff's claims against the individual Defendants in their respective official capacities as claims against Kent County.

Kent County may not be held vicariously liable for the actions of its employees under § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell*, 436 U.S. at 694. Instead, a county is liable only when its official policy or custom causes the injury. *Connick*, 563 U.S. at 60. This policy or custom must be the moving force behind the alleged constitutional injury, and the plaintiff must identify the policy or custom, connect it to the governmental entity, and show that his injury was incurred because of the policy or custom. *See Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire*, 330 F.3d at 815 (6th Cir. 2003). A policy includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the sheriff's department. *See Monell*, 436 U.S. at 690. Moreover, the Sixth Circuit has explained that a custom "for purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law." *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996).

Here, Plaintiff alleges that Defendants "instituted and created the policy which led to [him] being violated and stripped of [his] civil rights by being placed in the restraint chair." (ECF No. 1, PageID.5.) Plaintiff does not allege the content of the policy; he simply says there is a policy and it led to the violation of his constitutional rights. Plaintiff alleges no other facts regarding the specific policy at issue.

"'[A] legal conclusion couched as a factual allegation' need not be accepted as true." *Rondigo L.L.C. v. Township of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555); *see also Osberry v. Slusher*, 750 F. App'x 385,

11

398 (6th Cir. 2018) ("A broad assertion that an unconstitutional policy exists 'is nothing more than a bare recitation of legal standards.'"). Plaintiff's allegation regarding the "policy" put in place by the individual Defendants is completely conclusory. The allegations of fact regarding Plaintiff's mistreatment at the hands of individual officers at the jail—not the named individual Defendants—do not support an inference that Kent County had a policy or custom or that Plaintiff's injury resulted from such a policy or custom. Plaintiff's conclusory allegations do not suffice to state a claim. *Brown v. Cuyahoga Cnty., Ohio*, 517 F. App'x 431, 436 (6th Cir. 2013); *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003) (holding that a complaint including only a conclusory allegation that the constitutional violation was "part of some official policy or custom of the City of Dyersburg . . . [was] properly dismissed."); *Anthony v. Roberson*, 26 F. App'x 419, 422 (6th Cir. 2001) (stating that "conclusory allegations are insufficient to state an arguable claim that an unconstitutional governmental policy caused" the alleged constitutional injury). Plaintiff's complaint, therefore, will be dismissed.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal

would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGuire*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:  April 26, 2022                          /s/ Phillip J. Green
                                                PHILLIP J. GREEN
                                                United States Magistrate Judge